PHŒNIX INSURANCE CO. v. R. N. WHITE.

(No. 2398.)

APPEAL from Ellis County.   Opinion by WHITE, P. J.

*(Transferred from Austin.)*

G. C. GRACE, counsel for appellant.

W. J. McKIE, counsel for appellee.

§ 197. *Fire insurance; stipulations in policy of, held reasonable and binding upon the assured; case stated.* Appellant issued a policy of insurance to appellee upon three frame houses situated in Corsicana, two of them occupied as tenant houses and the other used for a meat market.   Three of the stipulations contained in the policy are as follows, viz.: "Clause 5. If during this insurance the above-mentioned premises shall become vacant or unoccupied, or if the occupation of such premises be changed, except as herein specially agreed to in writing upon this policy, then and from thenceforth, so long as the same shall be so appropriated, applied or used, this

policy shall cease and be of no force or effect. Clause 6. The use of general terms, or anything less than a distinct specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein. Clause 12. Whenever this policy may have become void from any cause, it shall not be revived or reinstated by the issue of any removal certificate or receipt, or in any other way except by a special contract for such reinstating in writing hereon, or by the issuance of a new policy." The tenants moved out of two of the houses, and they thus became unoccupied. The house which at the time of the issuance of the policy was used as a meat market was converted into a mantua-making and millinery establishment. While in this condition the houses were destroyed by fire, and appellee sued appellant upon said policy and recovered judgment for the full amount thereof. Upon the trial appellee testified that some time before the fire he notified Pinkston, the local agent of appellant, that the houses were vacant, and that said agent consented to allow said houses to remain covered by the policy. Pinkston testified that appellee only notified him of the vacancy of one of said houses, and that he consented to let the policy cover that one. No indorsement in writing was ever made upon the policy with regard to the vacancy and changed uses of the houses. *Held:* Three questions are presented. 1. Could a change in the occupancy and use of the houses be legally effected by a verbal agreement with or the subsequent assent of the local agent of appellant so as to bind appellant? 2. Under the stipulations in the policy, could such change be effected so as to bind appellant in any other manner than by an agreement or indorsement in writing upon the policy, made by an authorized agent of appellant? 3. Could a local agent waive these conditions in the policy and if so, has there been such waiver in this instance? In our opinion each of these questions must be answered in the negative. The stipulations in the policy, above

quoted, are reasonable and such as appellant had the right to make.  They are as much a part of the contract as any other portion of it.  Appellee accepted the policy and its conditions are binding upon him.  Courts are not authorized to make contracts for parties which they have not made for themselves, nor disregard those which they have made.  As parties bind themselves so shall they be bound.  When the language of a policy of insurance defines and limits the authority of the company's agent, no act of his transcending his authority is binding on the company.  [First Nat. Bank v. Ins. Co. 62 Tex. 461; Ins. Co. v. Griffin & Shook, 6 Tex. L. Rev. 280.]

Reversed and rendered for appellants.